E. WEBSTER FRENCH *vs.* JOHN H. ROBINSON.

Hancock.    Opinion December 22, 1893.

*Judgment.   Foreign Creditor.   Attorney.   Insolvency.   Discharge.*

Promissory notes held by a firm residing without this State were assigned to an attorney at law residing within the State for collection in his name for the benefit of the firm, the attorney recovering judgment thereon in his own name.

*Held;* In an action on the judgment in the attorney's name the defendant's discharge in insolvency is a bar against a recovery against him, although it might

have been otherwise had the judgment been obtained and the action on it instituted in the name of such firm.

ON EXCEPTIONS.

The case is stated in the opinion.

*E. S. Clark*, for plaintiff.

Counsel cited: *Pullen* v. *Hillman*, 84 Maine, 129, and cases; *Savoye* v. *Marsh*, 10 Met. 594; *Dinsmore* v. *Bradley*, 5 Gray, 487; *Demuth* v. *Cutler*, 50 Maine, p. 300; *Pratt* v. *Dow*, 56 Maine, 81; *Fessenden* v. *Willey*, 2 Allen, 67; *Guernsey* v. *Wood*, 130 Mass. 503; *Illsley* v. *Merriam*, 7 Cush. 242; *Cook* v. *Moffat*, 5 How. 309.

*Geo. R. Fuller*, for defendant.

SITTING: PETERS, C. J., LIBBEY, EMERY, HASKELL, WHITEHOUSE, JJ.

PETERS, C. J. The plaintiff sues upon a judgment, recovered in his own name, against the defendant who since the judgment was recovered against him has been discharged from his debts and liabilities by proceedings in insolvency. The plaintiff claims that he is entitled to recover in this action, notwithstanding the defense of insolvency, because the real ownership of the judgment never was in himself, but was in the firm of Eaton Brothers, who during the period of insolvency proceeding were, and ever since have been, residents and citizens of the Province of New Brunswick. It appears that the original demand which went to judgment was a note of hand given by the defendant to Eaton Brothers and that they assigned the same to the plaintiff for a nominal consideration in order to enable the plaintiff, their attorney, to sue and collect the demand in his name.

Had the judgment been recovered in the name of Eaton Brothers, the defendant's discharge would not be a defense against it or against a suit in their names thereon. But on the facts as before stated we are of opinion that the defense of insolvency is a bar to the present action. The legal creditor is the plaintiff. The equitable owners intrusted the legal title to

him.   They were seeking some supposed advantages by that act, and should suffer any disadvantages as well.   The insolvency court deals with the legal owners of demands ordinarily.   If equitable owners of claims can maintain suits when the legal owners thereof are barred by the defendant's insolvency, difficult questions would be found occurring in the settlement of insolvent estates, which this decision may prevent.

*Exceptions overruled.*